FILED

FEB 17 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | * Case No. SA-01-CR-495(2)-OG |
| CHARLES E. DEESE, | * |
| Defendant. | * |

### AGREED ORDER REVOKING SUPERVISED RELEASES AND RESENTENCING THE DEFENDANT

On this day came on to be considered the December 23, 2009, petition to revoke the Defendant's supervised releases (doc. 100), as augmented herein. The parties and the probation office, whose signatures appear below, have proposed a resolution of this matter, with which the Court concurs, supported by the following findings.

### A. Findings

1. *Downward-departure imprisonment.* On or about March 6, 2008, the Court sentenced the Defendant for two Class B drug (cocaine)-dealing felonies, which he committed while on state probation for marijuana possession (since revoked). The Defendant's pretrial bond was revoked due to marijuana use. He initially received imprisonment of 100 months–downwardly departing on government motion from a range of 188 to 235 months. His sentence was subsequently reduced to 75 months in prison to achieve equivalency with powder-cocaine guidelines. A long-time substance abuser, who used illegal drugs while confined, the Defendant completed the Bureau of Prisons' 500-hour intensive substance-abuse program.

2. *Commencement, duration, conditions of supervised releases.* On or about March 14, 2008, the Defendant began two concurrently-running five-year supervised-release terms, during which he was obliged to comply with the mandatory and standard conditions of supervised release, including that he participate in drug treatment and testing.

3. *Violations of supervised releases.* On or about November 24, 2009, the Defendant carried 6.9 grams of marijuana on his person, about which he lied to the probation office.

4. *Defendant's acknowledgments.* The Defendant acknowledges that: (1) upon revocation of his supervised releases, the Court could assess imprisonment up to a statutory maximum of 72 months, consecutive to any other sentence already imposed upon him; (2) the parties project his aggregate nonbinding revocation policy-statement imprisonment range to be 16 to 28 months (Grade B violation as most serious, category III offender), though various factors warrant above-range imprisonment; (3) the United States bears the burden of proving charged violations of supervised release by a preponderance of the evidence; (4) he admits committing misconduct summarized above and in the revocation petition; and (5) the United States could prove such misconduct by a preponderance of the evidence.

5. *Defendant's waiver of rights.* Through their signatures below, the Defendant and his attorney specifically assert, and the Court finds, that the Defendant–having read and understood this Order and the revocation petition, having thoroughly discussed them with his attorney, and having agreed to the terms of this Order–voluntarily, knowingly, and intelligently: (1) waives his rights under the Constitution, FED. R. CRIM. P. 32.1(b)(2), and 43, 18 U.S.C. § 3583(e)(3), (g)(1), and/or otherwise, to be present and participating with his lawyer at a proceeding at which the Defendant's supervised releases are revoked and he is resentenced, as accomplished by this Order; (2) waives his rights through any means to appeal, challenge, modify, or seek any reduction in revocation punishment assessed by, this Order (unless the Defendant proves prejudice from errors of constitutional magnitude involving ineffective assistance of his counsel or prosecutorial misconduct); and (3) requests that the Court enter this Order forthwith without the necessity of any further hearing or appearance by the Defendant or his counsel.

## B. Order

In view of the foregoing, based on the Defendant's admitted violations of his supervised releases, for which there is an adequate factual basis as summarized above and in the revocation petition, the Court finds, determines, and orders that:

1. The Defendant's supervised releases are revoked pursuant to 18 U.S.C. § 3583(e)(3) and

(g)(1).

2. The Defendant is remanded to the custody of the United States Bureau of Prisons (BOP) for EIGHT (8) MONTHS of imprisonment in a jail-type facility and not a halfway house or like facility; without credit for time spent on post-release supervision; and consecutive to any other sentence or revocation, state or federal, already imposed upon the Defendant. The eight months shall consist of two consecutively-running four-month prison terms.

The Court recommends that BOP extend the Defendant: (1) *no* prerelease custody under 18 U.S.C. § 3624(c) due to the brevity of assessed imprisonment; and (2) such jail-time credit as he is due, commencing with his most recent supervision-violator arrest of on or about January 5, 2010.

3. The Defendant shall serve two concurrently-running terms of reimposed supervised release, each consisting of FIFTY-SIX (56) MONTHS, during which the Defendant shall comply with supervised-release conditions previously imposed upon him in this case, as well as the following special conditions: The Defendant shall--

   a. *Halfway-house residency.* Reside for FOUR (4) MONTHS in a halfway house, until satisfactorily discharged by the halfway house director and the probation office; comply with all halfway-house rules and regulations; and pay a stipend to the halfway house covering a share of the cost of his subsistence there, as directed by the halfway house and the probation office.

   b. *Expanded alcohol abstinence.* Refrain from: (1) consuming any alcohol; (2) working or residing at any place where alcohol is kept; and (3) visiting any bar, nightclub, tavern, lounge, pub, strip club, pool hall, honky tonk, liquor store, or any other establishment whose primary purpose is the sale or provision of alcohol.

4. Any monetary sanctions imposed in this case that remain unpaid are reimposed, and such sanctions shall be due and payable immediately.

Due to leniencies extended to the Defendant by this Order and previously, should the Defendant hereafter violate his supervised releases, no matter how minor the violation, the Defendant and his attorney *shall* recommend, and the Court *shall* assess: (1) revocation imprisonment of *at least*

*twenty-four (24) months*, up to a statutory maximum of 66 months, in a jail-type facility and not a halfway house or like facility; without bond, self-surrender, or credit for time spent on supervised release (including time spent in a halfway house); and consecutive to any other sentence or revocation, state or federal, already imposed at the time reimposed supervised releases are revoked; plus (2) possible further supervised releases in accordance with 18 U.S.C. 3583(h).

SO ORDERED on February 17, 2010.

_____
ORLANDO L. GARCIA
United States District Judge

UNDERSTOOD AND AGREED TO IN EVERY RESPECT:

_____  2/16/10
CHARLES E. DEESE                 Date
Defendant

_____  2/16/10
RICHARD E. LANGLOIS              Date
Counsel for Defendant

_____  2-16-10
JEANNIE P. DEVON                 Date
Senior United States Probation Officer

_____  2/16/10
P. LINDA GEORGES                 Date
Supervising United States Probation Officer

_____  February 14, 2010
MICHAEL R. HARDY                 Date
Assistant United States Attorney
Counsel for Plaintiff

4

*twenty-four (24) months*, up to a statutory maximum of 66 months, in a jail-type facility and not a halfway house or like facility; without bond, self-surrender, or credit for time spent on supervised release (including time spent in a halfway house); and consecutive to any other sentence or revocation, state or federal, already imposed at the time reimposed supervised releases are revoked; plus (2) possible further supervised releases in accordance with 18 U.S.C. 3583(h).

SO ORDERED on February ____, 2010.

_____
ORLANDO L. GARCIA
United States District Judge

UNDERSTOOD AND AGREED TO IN EVERY RESPECT:

_____          _____
CHARLES E. DEESE                          Date
Defendant


_____          _____
RICHARD E. LANGLOIS                       Date
Counsel for Defendant


_____          _____
JEANNIE P. DEVON                          Date
Senior United States Probation Officer


_____          _____
P. LINDA GEORGES                          Date
Supervising United States Probation Officer


_____          February 14, 2010
MICHAEL R. HARDY                          Date
Assistant United States Attorney
Counsel for Plaintiff

4