PROB 12C
(REV. 12/04)



# UNITED STATES DISTRICT COURT
for
WESTERN DISTRICT OF TEXAS

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Charles E. Deese, Alias: Charles Edward Deese    Case Number: SA-01-CR-495(02)-OG

Name of Sentencing Judicial Officer:   Honorable Orlando L. Garcia, United States District Judge

Date of Original Sentence:   June 20, 2002

Date of Amended Sentence: March 6, 2008

Date of 1st Revocation: February 17, 2010

Original Offense: Count 1. Conspiracy to distribute and possess with intent to distribute five grams or more, but less than fifty grams of cocaine base, in violation of 21 U.S.C. § 841, 21 U.S.C. § 841(b)(1) (B) (iii), and 21 U.S.C.§ 846.  Count 2. Possession with intent to disribute five grams or more, but less than fifty grams of cocaine base and aiding and abetting, in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. §841(b)(1)(B)(iii), and 18 U.S.C. §2.

Original Sentence: One hundred (100) month imprisonment term on each count to be served concurrently, followed by a five(5) year term of supervised release on each count to be served concurrently. All standard conditions of supervision apply plus participation in a drug/alcohol treatment program. A special assessment of $100.00 was assessed on each count for a total of $200.00 and fine was waived.

Amended Sentence: Time served through March 14, 2008

Sentence at 1st Revocation: Re-sentenced to an eight(8) month imprisonment term, which consisted of two(2) consecutively-running four(4) month prison terms followed by two(2) concurrently-running terms of re-imposed supervised release, each consisting of fifty-six(56) months. All previously imposed supervised release conditions remain in effect plus a four(4) month halfway house residency, refrain from consuming any alcohol or working or residing at any place where alcohol is kept and no visiting any bar, nightclub, tavern, lounge, pub, strip club, pool hall, honky tonk, liquor store, or any establishment whose primary purpose is the sale or provision of alcohol.

Type of Supervision: Re-supervised release    Date Supervision Commenced:   September 2, 2010

Assistant U.S. Attorney:   Mike Hardy       Defense Attorney:   Richard E. Langlois

## PREVIOUS COURT ACTION

On December 23, 2009, a petition was filed requesting a warrant due to the offender's arrest for possession of marijuana 0-2 ounces and failure to answer truthfully all inquiries by the Probation Officer. This petition resulted in the revocation noted above.

## PETITIONING THE COURT

☒ To issue a warrant
☐ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall report to the probation Office and shall submit a truthful and complete written report within the first five working days of each month.** |
| 2. | **The defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer.** |
| 3. | **The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.** |

Deese failed to submit monthly reports via the internet or in person, for the months of July, August, and September 2013.

On September 25, 2013, this officer made a home contact and spoke with the offender's father. He reported the offender no longer lived with him and he believed the offender may be living in Austin, Texas, but he was not sure. Deese's present whereabouts are unknown.

Additionally, the offender's father advised he verbally instructed the offender to report to the Probation Office as I had directed during the home contact conducted on August 26, 2013. Deese failed report or contact this office by any manner.

On October 7, 2013, this officer called and spoke with an employee of Racana Staffing. She advised that the offender was hired on April 25, 2013. He was terminated from the staffing agency on or about May 3, 2013. Deese failed to notify this office of the change in employment status.

## U.S. Probation Officer Recommendation:

The offender began his second term of supervised release on September 2, 2010, and his adjustment to supervision was satisfactory up until the month of July 2013. This officer has made numerous attempts to contact the offender via residential contacts, contact of family members, telephone and e-mail. As of this writing, all attempts to make contact with Deese have been unsuccessful. Deese has chosen continued non-compliance and his present

whereabouts are unknown. Supervision in the community is no longer a viable option. In light of the above referenced information, it is respectfully recommended an arrest warrant be issued in this case.

☒ The term of supervision should be

    ☒ revoked. (Maximum penalty: __28__ months imprisonment; __52__ months supervised release on each of counts one and two; and payment of any unsatisfied monetary sanction previously imposed.)

    ☐ extended for _____ years, for a total term of _____ years.

☐ The conditions of supervision should be modified as follows:

Approved:

_____
Mary E. Carabajal
Supervising U.S. Probation Officer
Telephone: (210) 472-6590, Ext. 5379

Respectfully submitted,

_____
M. Diana Tijerina
U.S. Probation Officer
Telephone: (210) 472-6590, Ext. 5325
Date: October 24, 2013

cc: Mike Hardy
    Assistant U.S. Attorney

    Suzan R. Contreras
    Assistant Deputy Chief U.S. Probation Officer

---

THE COURT ORDERS:

☒ The issuance of a warrant.

☐ The issuance of a summons.

☐ Other _____

_____
Orlando L. Garcia
U.S. District Judge

10·31·13
Date